UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| JOAN BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | 1:21-CV-00233-DCLC-SKL |
| | ) | |
| vs. | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, and REPUBLIC FINANCE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Republic Finance, LLC's ("Republic") Motion to Compel Arbitration [Doc. 15]. Plaintiff Joan Burton failed to respond.[1] For the reasons stated herein, Republic's motion is **GRANTED**.

**I.  BACKGROUND**

In this action, Plaintiff alleges a violation of the Fair Credit Reporting Act ("the FCRA"), 15 U.S.C. § 1681, *et seq.*, against Republic for failing to investigate credit information it furnished to Equifax Information Services, LLC ("Equifax") after receiving notice that Plaintiff disputed the accuracy of such information [Doc. 1]. The disputed credit information relates to a loan Plaintiff received from Republic in April 2016. Specifically, Republic sent Plaintiff a pre-approved loan package which contained a cashable loan check along with a disclosure statement setting out the terms of the loan and a Note documenting the loan agreement [Doc. 16, ¶ 3; Doc. 16-1]. Plaintiff executed and endorsed the loan check, which included the following notice:

> **ENDORSEMENT AND PROMISE TO REPAY LOAN**: By signing this check, you, the Borrower, agree to the terms of the attached Note and Arbitration

---

[1]  Pursuant to Local Rule 7.1(a), the deadline for Plaintiff to respond to Republic's motion was November 19, 2021. Plaintiff's failure to respond is deemed a waiver of any opposition to the relief sought. *See* LR 7.2.

1

Agreement bearing the form number shown on the front of this check. You also promise to repay this loan to us, the Lender, according to the terms of the Note.

[Doc. 16-2]. The Note, included in the pre-approved loan package, provided in relevant part: "You acknowledge the existence of a separate arbitration agreement set forth below and you specifically agree to be bound by its terms." [Doc. 16-1, pg. 3]. The Arbitration Agreement provided:

> any claim, dispute or controversy, whether in contract, tort, under statute or otherwise … arising from or relating to any of the following shall be resolved by binding arbitration: your loan …; any past or future transactions or loans between you and Lender; any applications, advertisements, oral or written statements, electronic communications, collection efforts, terms, collateral, goods or services financed and/or insurance related to your loan or any past or future transactions or loans between you and Lender; Lender's supervision and/or training of employees and agents; and/or the existence, applicability, enforceability or scope of this Arbitration Agreement

[Doc. 16-1, pg. 3]. The agreement further provided, "you may file an individual lawsuit against Lender, and Lender may file a lawsuit against you, if the Claims asserted by the person(s) initiating the lawsuit total less than $100,000; however, if that occurs, in response thereto, you or Lender may demand mediation and arbitration of all such Claims." [*Id*.]. Finally, the agreement provided that it was "governed by the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"). If the FAA is deemed inapplicable, then the Tennessee Uniform Arbitration Act ("TUAA"), Tenn. Code Ann. § 29-5-101 et seq. shall apply." [*Id*.].

Plaintiff cashed the loan check and received the funds [Doc. 16, ¶ 6]. Thereafter, Plaintiff defaulted on the loan [*Id* at ¶ 7]. On September 29, 2021, Plaintiff filed the instant action alleging that Republic failed to properly investigate and correct credit information pertaining to the loan after receiving notice from Equifax that Plaintiff was disputing the information, in violation of 15 U.S.C. § 1681s-2(b) [Doc. 1]. Defendant subsequently filed the Motion to Compel Arbitration that is currently before the Court [Doc. 15]. Pursuant to the FAA, 9 U.S.C. § 1 *et seq.*, Defendant requests that the Court compel arbitration and stay the case pending arbitration.

## II. LEGAL STANDARD

"The FAA reflects the fundamental principle that arbitration is a matter of contract," *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). To that end, the FAA provides that arbitration provisions in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision "places arbitration agreements on an equal footing with other contracts and requires courts to enforce them according to their terms." *Jackson*, 561 U.S. at 67 (citations omitted).

When a party to a contract fails to arbitrate pursuant to a valid arbitration provision, the aggrieved party may petition a district court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. If the Court determines that "the making of the agreement for arbitration or the failure to comply therewith is not in issue," the FAA mandates entry of "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.*; *see Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (holding that the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

## III. DISCUSSION

In determining whether to compel arbitration, the Court must first determine whether the parties agreed to arbitrate and whether the claims at issue fall within the scope of that agreement. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). If federal statutory claims are asserted, the Court must next consider whether those claims are arbitrable. *Id*. Finally, the Court must determine whether to stay the action pending arbitration. *Id*. Each of the foregoing determinations are examined in turn.

The validity of the parties' agreement to arbitrate stems from the validity of the loan agreement as a whole, which is determined based on state-law contract principles. *Floss v. Ryan's Fam. Steak Houses, Inc.*, 211 F.3d 306, 314 (6th Cir. 2000). The loan agreement provides that the "loan and Note are governed by the laws of Tennessee except where federal law applies." [Doc. 16-1, pg. 3]. Under Tennessee law, "[a] contract must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced." *Staubach Retail Servs.-Se., LLC v. H.G. Hill Realty Co.*, 160 S.W.3d 521, 524 (Tenn. 2005) (citations and internal quotations omitted). Here, there is no evidence indicating a lack of mutual assent or lack of sufficient consideration. Moreover, Plaintiff endorsed the loan check which included an express notice that by signing the check, she agreed to the terms of the Note and Arbitration Agreement. Therefore, the Court presumes that Plaintiff was aware of the terms of the agreement. *See Moody Realty Co. v. Huestis*, 237 S.W.3d 666, 676 (Tenn. Ct. App. 2007) ("One who signs a contract cannot later plead ignorance of its contents if there was an opportunity to read it before signing). Additionally, there is no indication of fraud, undue influence, or public policy concerns. Based on the foregoing, the Court finds that the parties entered into a valid agreement to arbitrate.

Plaintiff's claim against Republic also falls within the scope of that agreement. Pursuant to the agreement, "any claim, dispute or controversy, whether in contract, tort, under statute or otherwise…arising from or relating to…[Plaintiff's] loan…shall be resolved by binding arbitration…." [Doc. 16-1, pg. 3]. Plaintiff's claim under the FCRA, namely that Republic failed to investigate Plaintiff's disputes as to the accuracy of the loan account information it reported to Equifax, is a statutory claim relating to the loan she received from Republic. Therefore, the claim is subject to the arbitration agreement.

4

Case 1:21-cv-00233-DCLC-SKL   Document 21   Filed 11/22/21   Page 4 of 6   PageID #: 71

Because the agreement is valid and Plaintiff's claim falls within the scope of the agreement, the Court must next determine whether Plaintiff's claim is arbitrable. The Supreme Court has held that parties should be held to their arbitration agreement "unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). The language of the FCRA does not demonstrate a congressional intent to preclude arbitration of claims for violations under the Act. *See* 15 U.S.C. § 1681 *et seq*. Moreover, courts within the Sixth Circuit have held that FCRA claims are arbitrable. *McMahan v. Byrider Sales of Indiana S, LLC*, No. 3:17-CV-00064, 2017 WL 4077013, at *4 (W.D. Ky. Sept. 14, 2017) ("There is no indication that Congress intended to preclude the arbitration of FCRA claims and courts have held that such claims are arbitrable."); *Mann v. Equifax Information Servs.*, No. 2:12-CV-14097, 2013 WL 3814257, at *9 (E.D. Mich. July 22, 2013) (holding that an arbitration agreement applied to plaintiff's FCRA claim and recognizing the strong federal policy favoring arbitration); *Gardner v. Randall Mortg. Servs.*, No. C2-06-612, 2007 WL 1432047, at *6 (S.D. Ohio May 14, 2007) (granting motion to compel arbitration of FCRA claims). Considering Plaintiff's claim is arbitrable, the Court must decide whether a stay of the action pending arbitration is appropriate.

The FAA provides that when a court compels arbitration "the court…shall…stay the trial of the action until such arbitration has been had…." 9 U.S.C. § 3. However, the Sixth Circuit has rejected the notion that 9 U.S.C. § 3 requires a district court to stay, rather than dismiss, a case pending arbitration. *Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (citing *Arnold. v. Arnold Corp.*, 920 F.2d 1269, 1275 (6th Cir. 1990) (it was not "error for the district court to dismiss the complaint" after ordering arbitration)). This Court has acknowledged that "when the court determines that all claims in a cause of action are to be submitted to arbitration, it may dismiss, rather than stay the action because staying the action will serve no purpose." *SL*

*Tennessee, LLC v. Ochiai Georgia*, LLC, 2012 WL 381338, at *3 (E.D. Tenn. February 6, 2012) (internal quotations omitted). Here, Plaintiff asserts three separate counts alleging violations of the FCRA—two against Equifax and one against Republic. On November 18, 2021, Plaintiff filed a Notice of Settlement as to both of her claims against Equifax [Doc. 19]. Because Plaintiff's sole remaining claim against Republic is subject to arbitration, a stay of this matter would serve no purpose. Therefore, dismissal of Plaintiff's claim against Republic is appropriate.

## IV. CONCLUSION

For the reasons stated above, Republic's Motion to Compel Arbitration [Doc. 15] is **GRANTED**. Plaintiff's claim against Republic is **DISMISSED WITHOUT PREJUDICE** and Plaintiff is **COMPELLED** to submit all claims and disputes arising from or relating to her loan with Republic to arbitration consistent with the parties' agreement.

SO ORDERED:

s/ Clifton L. Corker<br>
United States District Judge